08-6034-ag
Zhang v. Holder

BIA
A077 957 646

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of March, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        ROBERT A. KATZMANN,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges*.

---------------------------------------------

ZI YUAN ZHANG,

        *Petitioner*,

        v.                                    08-6034-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[*]

        *Respondent*.

---------------------------------------------

FOR PETITIONER:        Alexander Kwok-Ho Yu,

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; James A. Hunolt, Senior
                       Litigation Counsel; Christopher P.
                       McGreal, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zi Yuan Zhang, a native and citizen of the People's Republic of China, seeks review of a November 10, 2008, order of the BIA, affirming the August 8, 2003, decision of Immigration Judge ("IJ") Terry A. Bain, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zi Yuan Zhang*, No. A077 957 646 (B.I.A. Nov. 10, 2008), *aff'g* No. A077 957 646 (Immig. Ct. N.Y. City Aug. 8, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.

2

2005).  The applicable standards of review are well-established.  *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

Substantial evidence supports the agency's denial of Zhang's application for relief.  As the BIA had done, we also assume Zhang to be credible for purposes of this analysis.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005).  We therefore have no occasion to consider Zhang's challenge to the IJ's adverse credibility determination.

Contrary to Zhang's argument, the BIA did not exceed its authority under the regulations in determining that he did not establish his eligibility for relief.  Rather than conducting impermissible fact finding, the BIA applied the appropriate legal standard to an uncontested set of facts.  *See* 8 C.F.R. § 1003.1(d)(3)(ii); *Matter of A-S-B-*, 24 I. & N. Dec. 493, 497 (BIA 2008).

Zhang further argues that the BIA erred in finding that he was not eligible for relief on account of his "other resistance" to China's family planning policies, because his failure to turn in his girlfriend for a forced abortion

3

constituted such resistance.  Even if Zhang's conduct constituted "other resistance," the BIA's determination that he was not eligible for relief because he was not persecuted on account of that resistance was not in error.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007).  Because the only harm Zhang claimed to have suffered on account of his resistance to the family planning policies was that family planning officials told him he would be sterilized, the BIA did not err in its determination that this unfulfilled threat did not amount to past persecution.  *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412-13 (2d Cir. 2006).  Zhang did not provide any alternative basis for his fear of future persecution.  Thus, the BIA did not err in finding that he failed to establish his eligibility for asylum and withholding of removal.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

Finally, because Zhang's CAT claim was based on the same factual predicate as his asylum and withholding claims, the BIA's finding that he had not met his burden of proof was a sufficient basis to deny Zhang's claim for asylum, withholding, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of*

4

*Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk